IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA HELMS, Individually and as mother and natural guardian of infant minor C.M., and SAMUEL HELMS, Individually and as father and natural guardian of infant minor C.M.,<br><br>            Plaintiffs,<br><br>v.<br><br>THE DIAL CORPORATION, HENKEL CONSUMER GOODS, INC., HENKLE CORPORATION, and HENKLE AG & CO. KGaA,<br><br>            Defendants. | 1:16-cv-964-WSD |

## OPINION AND ORDER

On March 25, 2016, Plaintiffs Jessica Helms and Samuel Helms, individually and as parents and natural guardians of infant minor C.M., ("Plaintiffs") filed their Complaint [1].

The Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 10). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).

The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, the Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). To show citizenship, "[r]esidence alone is not enough." Travaglio v. Am. Express

2

Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Complaint does not adequately allege the citizenship of Plaintiffs Jessica Helms, Samuel Helms, and infant Plaintiff C.M.  The Complaint alleges that each Plaintiff is a "resident of the State of Georgia and currently resides in Texas."  (Compl. ¶¶ 12-14).  These allegations are not sufficient to establish diversity jurisdiction because "[r]esidence alone is not enough" to show citizenship.  Travaglio, 735 F.3d at 1269.  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick, 293 F.3d at 1257-58).

The Complaint must allege more specific information regarding Plaintiffs' citizenship.  Accordingly, Plaintiffs are required to file an amended complaint stating Plaintiffs' citizenship.  The Court notes that it is required to dismiss this action unless Plaintiffs provide the required supplement alleging sufficient facts to

3

show the Court's jurisdiction.  <u>See</u> <u>id.</u> at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs file an amended complaint, on or before April 29, 2016, that provides the information required by this Order.

**SO ORDERED** this 14th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE